IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

FILED
2010 FEB 19 PM 2:29

MICHAEL P. JAMES,

    Plaintiff,

v.

RESURGENT CAPITAL SERVICES, LP,
LEADING EDGE RECOVERY SOLUTIONS
LLC, REDLINE RECOVERY SERVICES
LLC and FINANCIAL RECOVERY
SERVICES, INC.,

    Defendants.

COURT FILE NO.: A10CA 123LY

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441(b)
(FEDERAL QUESTION)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Financial Recovery Services, Inc. ("FRS") files this Notice of Removal from the 353rd Judicial District Court, of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division. In support of this Notice, FRS states as follows:

1. On December 8, 2009, an action was commenced in the 353rd Judicial District Court, of Travis County, Texas, captioned *Michael James v Resurgent Capital Services, LP, et. al.*, and assigned Cause No. D-1-GN-09-004151. ("Petition"). The State Court's Address is:

> Travis County District Court
> 353rd Judicial District
> 1000 Guadalupe
> Austin, TX 78701

### Parties

2. Plaintiff, Michael James, is an individual of the full age of majority, residing in Travis County, Texas.

3. Defendant, Resurgent Capital, LP, is a foreign entity.

4. Defendant, Leading Edge Recovery Solutions, LLC, is a foreign entity.

5. Defendant, Redline Recovery Services, LLC, is a foreign entity.

6. Defendant, Financial Recovery Services, Inc., is a foreign entity.

## State Court Litigation

7. Plaintiff filed his claim in State Court alleging that he had been damaged by Defendants because of collection activity on an account. Plaintiff generally claims that Defendants engaged in collection activity which is in violation of the federal Fair Debt Collection Practices Act ("FDCPA") found at 15 USC §1692 et. seq. (see Petition)

8. Service of this action upon FRS was effected on January 20, 2010, Defendant filed its Original Answer generally denying liability and asserting various affirmative defenses. (see Answer) The matter is currently pending in the State Court.

## Removal is Proper

9. Plaintiff has claimed that Defendants violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et. seq.) which gives this court original jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 & 1337.

10. To support removal, the Defendant bears the burden of establishing federal jurisdiction over the State court suit. *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 365 (5th Cir. 1995). Removal under §1441(b) is appropriate for those claims within the federal question jurisdiction of the district courts, that is, for those actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

A case "arises under" federal law when a "right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of

action. *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

A determination as to whether a cause of action presents a federal question, and therefore subject to removal in this context, depends upon the allegations made on the face of the plaintiff's well-pleaded complaint. *Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). Federal jurisdiction exists when a federal question is presented on the face of a plaintiff's properly plead petition.

A cursory review of Plaintiff's Petition shows that the Plaintiff has alleged that Defendants' collection activities violated the "Fair Debt Collection Practices Act". As such, the Court would have original jurisdiction over the claim if brought initially in Federal Court and removal is proper.

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 over Plaintiff's FDCPA cause of action and supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's state law causes of action under the Texas Debt Collection Act. The State law claims and the Federal claims arise out of the same nucleus of operative fact and similar determinations as to liability will have to be made regarding all allegations. Therefore removal of the entire action is proper and this Court has the authority to consider all claims presented.

12. Removal is timely under 28 U.S.C. 1446(b), since this Notice is filed in this Court within thirty (30) days of the date of service. Service was effected on FRS, as well as, Co-Defendants Resurgent Capital Services, LP and Leading Edge Recovery Solutions, LLC on January 20, 2010. Redline Recovery Services, LLC has not yet been served. **ALL DEFENDANTS AGREE AND CONSENT TO REMOVAL.**

10. Copies of all process, pleadings, and orders served upon the parties in the action to date, as well as the State court's Docket sheet, is attached hereto as Exhibit "A".

11. Written notice has been properly mailed this day, via certified mail, to the Plaintiff's counsel at Kimberly Soard, 3722 Bristleleaf Dr., Katy, TX 77449.

12. A Copy of the Notice of Removal will be filed with the Clerk of the 353rd Judicial District Court, of Travis County, Texas.

**Wherefore**, Financial Recovery Services, Inc., prays that the Texas state court case be removed from State court to this Court and that all further proceedings in the State court be stayed.

**RESPECTFULLY SUBMITTED,**

SCANLAN, BUCKLE & YOUNG, P.C.
602 West 11th Street
Austin, Texas 78701
(512) 478-4651
Fax (512) 478-7750
dsander@sbylaw.com

By: _____
David C. Sander
State Bar No. 00788348

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Notice of Removal was forwarded by certified mail this 19th day of February, 2010 to:

Kimberly Soard
3722 Bristleleaf Dr.
Katy, TX 77449

David Booth
Donato, Minx & Brown, P.C.
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027

_____
David Sander